**IN THE UNITED STATES DISTRICT COURT**
**FOR THE EASTERN DISTRICT OF TEXAS**
**TYLER DIVISION**

| | | |
|---|---|---|
| SHERDITH NICOLE SCUDDER and<br>WADE SCUDDER,<br>*Plaintiffs*,<br><br>v.<br><br>BLOCK, INC.,<br>*Defendant*. | §<br>§<br>§<br>§<br>§<br>§<br>§<br>§ | <br><br><br><br>CIVIL ACTION NO.: 6:26-CV-00212-JCB |

# PLAINTIFFS' FIRST AMENDED COMPLAINT

Plaintiffs Sherdith Nicole Scudder and Wade Scudder file this First Amended Complaint, complaining of Defendants Block, Inc. and Snobby Dog Spaw, LLC and in support thereof would show the Court as follows:

## I. JURISDICTION AND VENUE

1.1 This Court does not have jurisdiction over this action because there is not complete diversity of citizenship between the parties. Accordingly, Plaintiffs request this action be remanded to the District Court of Smith County, Texas pursuant to 28 U.S.C. § 1447(e). This Court previously had jurisdiction over this action pursuant to 28 U.S.C. § 1332 but the joinder of Snobby Dog Spaw, LLC as a defendant destroyed the subject matter jurisdiction upon which this Court previously had jurisdiction.

1.2 Although this Court does not have jurisdiction over this action, venue is proper in this district pursuant to 28 U.S.C. 1391(b) because all or a substantial part of the events giving rise to Plaintiffs' claims arose in this district.

## II. PARTIES

2.1 Plaintiff Sherdith Nicole Scudder ("Nicole") is an individual and resident of the State of Texas. Nicole resides in Smith County, Texas. The last three digits of Nicole's Texas Driver's License are 352. The last three digits of Nicole's Social Security Number are 035.

2.2 Plaintiff Wade Scudder ("Wade") is an individual and resident of the State of Texas. Wade resides in Smith County, Texas. The last three digits of Wade's Texas Driver's License are 900. The last three digits of Wade's Social Security Number are 731.

2.3 Nicole and Wade are collectively referred to as "Plaintiffs."

2.4 Defendant Block, Inc. ("Block") is a foreign For-Profit Corporation organized under the laws of the State of Delaware, registered to conduct business in the State of Texas. Block has appeared and answered through counsel in this lawsuit and otherwise may be served through its counsel of record, Joshua H. Threadcraft (jthreadcraft@burr.com), Burr & Forman, LLP, 420 North 20th Street, Suite 3400, Birmingham. Alabama 35203

2.5 Defendant Snobby Dog Spaw, LLC ("Snobby Dog") is a domestic limited liability company organized under the laws of the State of Texas, registered to conduct business in the State of Texas. Snobby Dog may be served by serving its registered agent, Nicole Noa, at 4007 S. Broadway, Suite H, Tyler, Texas 75701, or wherever she may be found.

2.6 Block and Snobby Dog are collectively referred to as "Defendants."

## III. FACTS

3.1 Nicole is a bookkeeper operating her own business as a sole proprietorship. She used Block's payment processing platform to conduct business in 2019 and 2021.[1] Nicole's use of Block's payment processing platform was limited to a single client and a handful of transactions

[1] Block is formerly Square, Inc. and offers an app to accept payments for business owners and independent contractors.

occurring in 2019 and 2021. The 2019 transactions totaled $2,000.00 and the 2021 transactions totaled $400.00. Block issued 1099-Ks to Nicole for all such transactions in 2019 and 2021 connected to Nicole's SSN and/or personal tax identification number as a sole proprietor.

3.2 Despite these accurate 1099-Ks for 2019 and 2021 being issued to Nicole, Block reported additional earnings under Nicole's SSN or personal tax identification number to the IRS. In 2019, Block reported that Nicole used its payment processing platform to transact business under a different account number in the amount of $295,065.00. In 2021, Block reported that Nicole used its payment processing platform to transact business, also under a different account number, in the amount of $144,850.00. Nicole never transacted business for these amounts using Block's payment processing platform in either 2019 or 2021. Additionally, Block never issued Nicole a 1099-K reflecting these amounts being transacted under her SSN or personal tax identification number. Plaintiffs filed their taxes as "married filing jointly" for these tax years.

3.3 Nicole was previously a partner and/or member of Snobby Dog. She left Snobby Dog in 2018. As part of her separation from Snobby Dog, the other partners and/or members of Snobby Dog and Nicole executed a separation agreement wherein Snobby Dog agreed to indemnify Nicole from all debts owed by Snobby Dog.

3.4 Either intentionally, or unintentionally, Snobby Dog continued to use Nicole's SSN or personal tax identification number when it transacted business using Block's payment processing platform in 2019 and 2021.[2] When Nicole left Snobby Dog in 2018, Snobby Dog should have updated its records to remove Nicole from all of its business accounts, including its account to use Block's payment processing platform. It appears the additional income reported by Block

[2] Plaintiffs recently learned about Snobby Dog's involvement in May 2026 through Block's cooperation when it informed Plaintiffs that the name on the account under which the additional erroneous income was reported to the IRS was Snobby Dog.

to the IRS under Nicole's SSN or personal tax identification number was business transacted by Snobby Dog and should have been reported by Block to the IRS as income earned by Snobby Dog under Snobby Dog's tax identification number.

3.5 Nicole contacted Block multiple times to have Block correct the erroneous reporting to the IRS of income that Nicole never earned for 2019 and 2021. Each time, Nicole was told by Block that they were "escalating" the issue to get it resolved. During one such call with Block, Nicole was told she needed to contact Cash App to resolve the issue with the erroneous reporting. When Nicole contacted Cash App, Cash App redirected Nicole back to Block. At no time has an authority figure with Block come forward to help Nicole resolve this matter, despite the numerous representations that Defendant was "escalating" the issue.[3]

3.6 Because Block reported this erroneous income to the IRS, Plaintiffs are now the target of the IRS for past due taxes that should never have been imposed against them.[4] The IRS began collecting against this outstanding tax liability by withholding Plaintiffs' 2022 and 2023 tax returns and applying those returns against the tax balance that is alleged to be owed.[5] Thus, Plaintiffs did not realize any damages from Defendants' error until the IRS garnished their 2022 tax return in April 2023. The IRS has also informed its internal passport division blocking Plaintiffs from renewing their passports, informed its ETIN division preventing Nicole from e-filing her returns as an ERO, and flagged Nicole's PTIN as being "out of compliance," which presents the threat of further sanctions against her. Additionally, the IRS sent Nicole's merchant processor, Practice Ignition, a notice of levy for $229,713.71. The IRS fully intends to levy against

---

[3] To the extent any limitations have run on Plaintiffs claims, Plaintiffs request an equitable tolling of the limitation's deadline because Defendant repeatedly reassured Plaintiffs that the issue is being "escalated," which Plaintiffs reasonably relied upon.

[4] Because Plaintiffs filed their taxes jointly, they are both responsible for the taxes on this "income," despite the "income" only being reported for Nicole.

[5] Although Plaintiffs appealed these tax liabilities to halt collections, the IRS is still pursuing collections against Plaintiffs in contravention of their own rules and guidelines during the pendency of an appeal.

Nicole's merchant processor, which would cause Nicole to miss paying important business bills. This erroneous tax obligation continues to accrue late fees and penalties further damaging Plaintiffs.

3.7 Plaintiffs simply seek correction of all filings with the IRS showing the correct amounts earned by all parties. Snobby Dog must update its tax identification number with Block. Block must issue corrected 1099-Ks to Nicole and Snobby Dog reflecting accurate earnings for both parties under correct tax identification numbers. Plaintiffs, Block, and Snobby Dog must all file amended returns with the IRS showing these corrections. These actions will correct the errors and stop the IRS from continuing to pursue collections against Plaintiffs for taxes Plaintiffs do not owe.

## IV. CAUSES OF ACTION

4.1 *Alternative Pleadings*. To the extent necessary, each of the claims set forth below is pleaded in the alternative. Plaintiffs reference and incorporate Section V above into each claim set forth below as if the same were fully set forth therein.

4.2 *Declaratory Judgment (against Defendants)*. Plaintiffs incorporate all the allegations above as if set forth verbatim herein. Plaintiffs bring this claim against Defendants pursuant to the Texas Declaratory Judgments Act, Sections 37.01, et seq., of the Texas Civil Practice and Remedies Code, and would show the Court that there exists an actual justiciable controversy between the parties with respect to their respective legal rights, status, and relations regarding the reporting of income by Block to the IRS incorrectly attributed to Nicole and correctly identifying the tax identification numbers for which the income in 2019 and 2021 reported to the IRS by Block belongs.

4.3 A determination by the Court will terminate the controversy and remove any uncertainty and insecurity that exists concerning the parties' legal rights, status, and relations. Because of the uncertainty and insecurity with respect to the relative rights, status, and other legal relations of the parties relating to the foregoing, Plaintiffs seeks a determination of the rights and obligations of the parties from this Court.

4.4 Plaintiffs seeks a declaratory judgment from the Court for the following:

(a) that the 2019 amount of $295,065.00 reported to the IRS by Block under Nicole's SSN or personal tax identification number was reported in error;

(b) that the 2019 amount of $295,065.00 reported to the IRS by Block under Nicole's SSN or personal tax identification number should have been reported under Snobby Dog's tax identification number;

(c) that Snobby Dog is responsible for the tax burden for the business it transacted in 2019, including the tax burden for the $295,065.00 erroneously reported as income earned by Nicole;

(d) that Block be required to rescind any erroneous 1099-Ks issued to Nicole and Snobby Dog and that Block be required to issue corrected 1099-Ks to Nicole and Snobby Dog under their correct tax identification numbers reflecting the correct amounts each party transacted using Block's payment processing platform in 2019;

(e) that Block and Snobby Dog be required to file amended 2019 tax returns with the IRS reflecting the corrected information for each party as requested above in (a)-(d);

(f) that the 2021 amount of $144,850.00 reported to the IRS by Block under Nicole's SSN or personal tax identification number was reported in error;

(g) that the 2021 amount of $144,850.00 reported to the IRS by Block under Nicole's SSN or personal tax identification number should have been reported under Snobby Dog's tax identification number;

(h) that Snobby Dog is responsible for the tax burden for the business it transacted in 2021, including the tax burden for the $144,850.00 erroneously reported as income earned by Nicole;

(i) that Block be required to rescind any erroneous 1099-Ks issued to Nicole and Snobby Dog and that Block be required to issue corrected 1099-Ks to Nicole and Snobby Dog under their correct tax identification numbers reflecting the correct amounts each party transacted using Block's payment processing platform in 2021; and

(j) that Block and Snobby Dog be required to file amended 2021 tax returns with the IRS reflecting the corrected information for each party as requested above in (f)-(i).

4.5 *Breach of Contract (against Snobby Dog)*. Plaintiffs incorporate all the allegations above as if set forth verbatim herein. Snobby Dog's conduct herein constitutes breach of contract. Nicole entered a valid and enforceable contract with Snobby Dog to separate herself from Snobby Dog. As part of that separation agreement, Snobby Dog agreed to indemnify Nicole from all Snobby Dog's debts, including future debts. Nicole complied with all the terms of the separation agreement. Snobby Dog breached the separation agreement by using Nicole's SSN or personal tax identification number to transact business after her separation from Snobby Dog and to incur tax liabilities and debts of the business. Because these transactions were reported as income for Nicole to the IRS, Snobby Dog directly and proximately caused Plaintiffs to suffer damages through an increased tax liability and accruing late fees and penalties.

## V. DAMAGES AND REMEDIES

5.1 *Damages or Relief Sought*. By this suit, Plaintiffs seek the full measure of relief and damages against Defendants, including damages of more than $250,000.00 but less than $1,000,000.00, and non-monetary relief. Plaintiffs seek their actual, economic, and compensatory damages by way of this lawsuit directly and proximately caused by Defendants.

5.2 *Attorneys' Fees and Costs*. Plaintiffs retained the law firm of Sullivan Law Offices to represent them in connection with this matter and agreed to pay the law firm any and all reasonable and necessary attorneys' fees and costs in connection with such representation.

Plaintiffs are entitled to and are seeking compensation for their reasonable attorneys' fees incurred and to be incurred in bringing this suit and in all appeals of this suit. Plaintiffs seek the recovery of fees and costs as permitted under Chapters 37 and 38 of the Texas Civil Practice and Remedies Code, any other applicable laws, and/or otherwise under equitable principles.

5.3 *Interest*. Plaintiffs are also entitled to and are seeking to recover costs of court, along with pre-judgment and post-judgment interest at the maximum rate permitted by law.

## VI. CONDITIONS PRECEDENT

6.1 All conditions precedent to Plaintiffs' recovery on the claims alleged herein have been performed or have occurred.

## VII. DEMAND FOR JURY TRIAL

7.1 Pursuant to Rule 38 of the Federal Rules of Civil Procedure, Plaintiffs request a jury trial and have tendered, or will tender, the requisite fee.

## PRAYER

ACCORDINGLY, the Plaintiffs respectfully request that Defendants be cited to appear herein, to answer against these claims, and upon trial be granted judgment against Defendants for the following:

(a) a declaratory judgment as requested above;

(b) judgment against Snobby Dog for Plaintiffs' actual, economic, and/or compensatory damages as determined by the trier of fact;

(c) judgment against Defendants for Plaintiffs' reasonable and necessary attorneys' fees pursuant to Chapters 37 and 38 of the Texas Civil Practice and Remedies Code;

(d) judgment against Defendants for Plaintiffs' costs of court, pre-judgment and post-judgment interest, as allowed by law; and

(e) such other and further relief, both general and special, at law or in equity, to which Plaintiffs may be justly entitled.

Respectfully submitted,

*/s/ J. Brandon Schuelke*
Hunter Cox – SBN 24101654
hunter@sullivanlawoffices.com
J. Brandon Schuelke – SBN 24120663
brandon@sullivanlawoffices.com
**SULLIVAN LAW OFFICES**
500 E. State Hwy 114, Suite 100
Southlake, Texas 76092
T: (469) 702-0099

**ATTORNEYS FOR PLAINTIFFS**

## CERTIFICATE OF SERVICE

I certify that on the 24th day of June 2026, I electronically filed the foregoing with the Clerk of the Court by using the Court's CM/ECF system, and that I also caused a copy of the foregoing to be served on the attorneys of record listed below by email:

***Via Email:***
Joshua H. Threadcraft (jthreadcraft@burr.com)
BURR & FORMAN, LLP
420 North 20th Street, Suite 3400
Birmingham, AL 35203
T: (205) 251-3000
F: (205) 413-8701

**ATTORNEY FOR DEFENDANT**

*/s/ J. Brandon Schuelke*
J. Brandon Schuelke